UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YOUNG TAE BANG, et al., <br>     Plaintiff(s), <br> v. <br> JESUS ELIAS ESPINOZA, et al., <br>     Defendant(s). | Case No. 2:23-cv-01428-CDS-NJK <br><br> **Order** <br><br> [Docket No. 10] |

    Pending before the Court is the parties' second proposed discovery plan. Docket No. 10. The presumptively reasonable discovery period is 180 days from the first appearance of a defendant. Local Rule 26-1(a). The parties seek special scheduling review by asking for an extraordinary 409-day discovery period, or more than double the presumptively reasonable period. *See* Docket No. 10 at 2.[1] Despite the unusual nature of this request and the second bite of the apple already afforded by the Court, *see* Docket No. 9, the special scheduling review is supported by conclusory assertions that could be made in many cases. The parties indicate that Plaintiffs allege significant injuries, that expert testimony will be required, and that Rule 35 examinations are expected after receiving medical records. Docket No. 10 at 2. What is missing is an explanation as to why those circumstances warrant more time for discovery (*i.e.*, why the default deadlines cannot be met), let alone why those circumstances warrant the extraordinary discovery period being sought. The Court declines to act as an attorney for the parties to fill in the gaps of the reasoning provided. *Cf. Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001).

---

[1] The discovery plan must state the "number of days required for discovery," Local Rule 26-1(b)(1), but it does not do so in this case.

1

Accordingly, the second proposed discovery plan is **DENIED** without prejudice. An amended discovery plan must be filed by October 31, 2023. This will be the final opportunity to justify special scheduling review.

IT IS SO ORDERED.

Dated: October 26, 2023

_____
Nancy J. Koppe
United States Magistrate Judge