MICHAEL T. HUA, ESQ
Nevada Bar No. 14547
ANJAN GEWALI, ESQ.
Nevada Bar. No. 14054
**MICHAEL T. HUA LAW**
6145 Spring Mountain Rd #201
Las Vegas, NV 89146
Phone: (702) 852-2228
Fax: (702) 832-0266
Email: efile@michaelhua.com
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| YOUNG TAE BANG, an individual; EUN HA JOO an individual; | Case No.: 2:23-cv-01428-CDS-NJK<br>Dept. No.: |
| Plaintiffs, | |
| vs. | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| JESUS ELIAS ESPINOZA, an individual; NEW PRIME, INC., a foreign corporation registered in Nevada; DOES 1-10; ROES 11-20, | **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendants. | |

Pursuant to Local Rules 26-1(b), the parties respectfully submit the following stipulated discovery plan and jointly request that the Court: 1) approve this plan, and 2) implement the plan as a scheduling order. The FRCP 26(f) conference was held on October 19, 2023, between ANJAN GEWALI, ESQ., for Plaintiffs, YOUNG TAE BANG and EUN HA JOO; and KARIE N. WILSON, ESQ., of MESSNER REEVES LLP, for Defendants, JESUS ELIAS ESPINOZA and NEW PRIME, INC. Parties propose the following discovery plan:

**1. Subjects on which discovery may be needed (Fed. R. Civ. P. 26(f)(3)(A):**

Discovery will be needed on the facts and circumstances surrounding the allegations in the complaint; namely the issues of Defendant's liability, present and future medical treatment, and other damages suffered by Plaintiff.

**2. Discovery Cut-Off Date (Fed. R. Civ. P. 26(f)(3)(A), LR 26-1(b)(1)):**

**a) Date of Defendant's answer or appearance (LR 26-1(b)(1))**:

Defendant filed their Notice of Removal September 12, 2023. Defendants filed their Answer to Plaintiff's Complaint before this Court on September 19, 2023.

**b) Statement of the reasons why longer or different time periods should apply to the case**

The length of discovery requires extension. This case has been removed to federal court prior to the filing of an answer by Defendants, and no discovery has been exchanged. As illustrated below, this personal injury action will require multiple experts, a physical examination, and multiple depositions.

Defendants need to obtain complete medical records from these facilities and anticipate the need for a FRCP Rule 35 Examination for each Plaintiff. Plaintiff Young Tau Bang has seen four separate medical facilities for injuries allegedly sustained in the subject incident, and Eun Ha Joo has sought treatment from five separate facilities.

Given the upcoming holidays, Defendants do not anticipate that these examinations will be complete until January 2024, and Defendants' expert will need sufficient time thereafter to prepare written reports. Similarly, Plaintiff's experts will require time to prepare reports.

Defendants also need the opportunity to conduct Plaintiffs' depositions to confirm their version of events as to the subject accident and confirm the status of their medical claims and treatment. Based upon information produced thus far, Defendants also understand that Ms. Joo may have some pre-existing complaints arising out of an incident in Los Angeles, California, and will need the opportunity to identify those relevant California medical providers and obtain any available records. **Plaintiffs may**

challenge this request based upon the relevancy of the records to the instant collision. Parties agreement to specific disclosures is pending discovery. Counsels cannot forecast any further because no further discovery has been exchanged.

Plaintiffs anticipate conducting the deposition of Defendant Jesus Espinoza, who continues to work as an over-the-road truck driver, and a FRCP 30(b)(6) witness for Defendant New Prime, Inc. Defendants can be made available for deposition in Springfield, Missouri, which will require coordinating travel for counsel and Mr. Espinoza.

The parties also anticipate conducting the depositions of both liability and damages experts once identified. It is unlikely that liability and damage experts can be properly vetted and provided require disclosures during the remainder of the calendar year.

Based on these factors, the parties do not believe that discovery can be fully completed within 180 days or by March 2024, and therefore seek one year to complete discovery.

**c) Proposed discovery cut-off (LR 26-1(b)(1))**:

Discovery shall close on:  09/04/24.

**3.     Amendment of Pleadings and Adding Parties (LR 26-1(b)(2))**:

Motions to amend pleadings and add parties shall be filed no later than ninety (90) days before the close of discovery:  06/04/24

**4.     Disclosures (Fed. R. Civ. P. 26(f)(3)(A); LR 26-1(b)(3))**:

**a)  Initial disclosures**:

Initial disclosures shall occur on or before: 11/14/23

**b)  Initial expert disclosures**:

Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(i), initial expert disclosures shall be due no later than sixty (60) days before the close of discovery:  07/02/2024.

    **c) Rebuttal expert disclosures**:

Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), rebuttal expert reports shall be due no later than thirty-one (30) days before the close of discovery: 08/03/2024.

    **5.**    **Dispositive Motions (LR 26-1(b)(4)):**

The deadline for filing dispositive motions shall be thirty (30) days after the close of discovery: 10/04/~~2022.~~ 2024

    **6.**    **Joint Pre-Trial Order (LR 26-1(b)(5), (6))**:

The joint pre-trial order shall be filed no later than thirty (30) days after the date set for filing dispositive motions: 11/04/2024.

The joint pre-trial order shall include the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them.

    **7.**    **Alternative Dispute Resolution (LR 26-1(b)(7))**:

Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration and/or an early neutral evaluation. The parties agree that an early neutral evaluation would not be effective at this time as the parties and their counsel believe that it is necessary to conduct discovery before attempting to resolve this case. Based on the estimated number of witness and potential experts, the special discovery timeline is requested. Finally, the parties and their counsel are not interested in submitting this case to arbitration.

**8.**    **Alternative Forms of Case Disposition (LR 26-1(b)(8))**:

The parties certify that they have considered consent to trial by a magistrate judge under 28U.S.C.§636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) but do not consent to those forms of dispute resolution at this time.

    **9.**    **Electronic Evidence (LR 26-1(b)(9))**:

The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic

jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but will address this issue again in the Pre-Trial Order.

DATED this 25th day of October, 2023.   DATED this 25th day of October, 2023.

/s/  Anjan Gewali                                              /s/

_____   _____
MICHAEL T. HUA, ESQ                              KARIE N. WILSON, ESQ.
Nevada Bar No. 14547                               Nevada Bar No. 7957
ANJAN GEWALI, ESQ.                              MESSNER REEVES LLP
Nevada Bar. No. 14054                              8945 West Russell Road, Suite 300
MICHAEL T. HUA LAW                            Las Vegas, Nevada 89148
6145 Spring Mountain Rd #201                Telephone: (702) 363-5100
Las Vegas, NV 89146                                 Facsimile: (702) 363-5101
Phone: (702) 852-2228                               E-mail: KWilson@messner.com
Fax: (702) 832-0266
Email: efile@michaelhua.com
Counsel for Plaintiff

**ORDER**

IT IS SO ORDERED.

Dated November 1, 2023

_____
UNITED STATES MAGISTRATE JUDGE